### In re THOMSON McKINNON SECURITIES, INC., Debtor.

### Bankruptcy Nos. 90–B–10914 (HS), 90–B–11805 (HS) and 90–B–13820 (HS).

United States Bankruptcy Court, S.D. New York.

Oct. 18, 1993.

---

Briccetti & Calhoun, White Plains, NY, for debtor.

UAW–GM Legal Services Plan, Elmsford, NY, for James Parks.

*DECISION ON DEBTOR'S MOTION TO EXPUNGE CREDITOR'S CLAIM*

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Chapter 11 debtor, Thomson McKinnon Securities, Inc., has moved to disallow the claim of James E. Parks ("Parks") on the ground that it was filed after the court-ordered bar date.

### FACTUAL BACKGROUND

On March 28, 1990, the debtor filed with this Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code and continued as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The debtor's plan of complete liquidation was thereafter confirmed by this Court. Upon motion made by the debtor with the consent of the Creditors' Committee and the United States trustee, the Court entered an order (the "bar date order") pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3) setting October 30, 1990 as the bar date for the filing of proofs of claim by former customers of the debtor.

The bar date order required the debtor to send notice of the bar date to those former customers of the debtor whom the debtor believed might have a claim against the debtor regarding customer property. This consisted of all former customers to whom checks were issued but not presented for payment prior to the filing of the debtor's Chapter 11 petition, all holders of open institutional accounts, and all former customers of the debtor who had made inquiries of the debtor about customer property. The bar date order also required the debtor to cause notice of the bar date to be published on each of three consecutive Mondays beginning on or before April 19, 1990, in each of eleven newspapers published in the United States and Europe.

The debtor complied with the terms of the bar date order by mailing notice to over 4,800 former customers and by publishing notice of the bar date.

Parks, who was a former customer of the debtor, did not receive actual notice of the bar date. The debtor contends that it

did not know that Parks held a claim against it. On May 17, 1993, more than two and one-half years after the bar date, Parks filed a proof of claim against the debtor. He alleges that he was a customer of the debtor and lost over $10,000.00 of his life savings as a result of churning of his account by the debtor's broker representative in Flint, Michigan where Parks is employed as an assembly line auto worker.

## DISCUSSION

 Notice of publication satisfies the requirements of due process when the names, addresses and interests of potential parties are unknown. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Conversely, constructive notice by publication is not reasonable notice to creditors whose names, addresses and interests are known to the debtor. *City of New York v. New York, N.H. & H. R.R. Co.*, 344 U.S. 293, 296, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953).

▮▮ Bankruptcy Rule 3003(c)(3) authorizes the Court, for cause shown, to extend the time for which proofs of claim may be filed. Bankruptcy Rule 9006(b)(1) provides that if the specified period has expired, the movant must show that "the failure to act was the result of excusable neglect." In determining the existence of excusable neglect for purposes of enlarging a bar date, consideration must be given whether or not the creditor was given adequate notice to file a timely proof of claim. *City of New York v. New York, N.H. & H. R.R. Co.*, 344 U.S. at 296–97, 73 S.Ct. at 301.

▮ In the instant case, the debtor was made aware by four letters from Legal Services that Parks had retained legal counsel to represent him because Parks had "several questions and concerns regarding the account when it was at Thomson McKinnon." Although Legal Services did not use the magic words that Parks "had a claim" against the debtor, it is evident that he retained legal counsel for the specific purpose of pursuing his claim against the debtor.

As expressed by the Supreme Court, the determination of excusable neglect is based upon an equitable inquiry. *Pioneer Inv.*

*Servs. Co. v. Brunswick Assocs.*, — U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Accordingly, this Court concludes that the debtor had actual notice of Parks' asserted claim against it in connection with his customer account. Therefore, Parks was entitled to receive actual notice from the debtor as to the bar date, which he did not.

Based upon the foregoing, cause exists for extending the bar date for Parks so that his proof of claim, filed on May 17, 1993, shall be treated as filed timely.

## CONCLUSION OF LAW

1. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. The creditor Parks has established cause within the meaning of Bankruptcy Rule 3003(c)(3) for extending his time to file a proof of claim.

3. The proof of claim filed by Parks on May 17, 1993, shall be treated as filed timely. The debtor's motion to expunge this claim is denied.

SETTLE ORDER ON NOTICE